FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Dec 19, 2019

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>    v.<br><br>WILLIAM NATHANIEL LUKE,<br><br>    Defendant. | No. 1:15-cr-2009-SAB-1<br><br>**ORDER GRANTING MOTION TO VACATE CONVICTION** |

The Court held a hearing in the above-captioned matter on December 18, 2019 in Yakima, Washington. Defendant was present in the courtroom in the custody of the US Marshals. Defendant was represented by Jennifer Barnes and the Government was represented by Ian Garriques. The hearing was set as a supervised release violation hearing and as a hearing on Defendant's Motion to Vacate Conviction and Alternative Motion to Dismiss Petition and for Early Termination of Supervised Release, ECF No. 126. At the hearing, the Court heard from Defendant's counsel on the motion and the Government's response. In essence, the parties agree that changes in Ninth Circuit caselaw require the Court to vacate Defendant's conviction for felon in possession of a firearm, in violation of 18 U.S.C. § 922(g). Having considered the briefing, counsels' arguments, and the relevant caselaw, the Court **grants** Defendant's Motion to Vacate Conviction, ECF No. 126.

//

**ORDER GRANTING MOTION TO VACATE CONVICTION \* 1**

**Facts**

The facts in this case are straightforward. Defendant was arrested and indicted of being a felon in possession of a firearm in 2015. ECF No. 1. Defendant entered into a plea agreement on January 27, 2016 and pled guilty to the charge of felon in possession of a firearm. ECF No. 36. Pursuant to the plea agreement, Defendant conceded that he had previously been convicted of a crime punishable by a term of imprisonment exceeding one year. *Id.* Defendant was sentenced to 28 months imprisonment to be served concurrently with any state sentences related to the incident, followed by three years of supervised release. ECF No. 50.

At the time of Defendant's arrest, he had three state "felony" convictions that served as predicate offenses for the charge here: (1) possession of methamphetamine; (2) attempting to elude a pursuing police vehicle; and (3) possession of methamphetamine. Under Washington State's mandatory sentencing range, the standard-range term of imprisonment for each charge was zero to six months, respectively. *See* ECF Nos. 126-1, 126-2, and 126-3. Defendant was sentenced to a total of 30 days in jail for these offenses on August 14, 2014. ECF No. 126-1 at 9.

**Collateral Attacks under 28 U.S.C. §§ 2241 and 2255(e)**

28 U.S.C. § 2255(a) provides that a federal prisoner may challenge his conviction on grounds that the sentence was imposed in violation of the Constitution or laws of the United States and move the sentencing court to vacate, set aside, or correct the sentence. A § 2255 motion will not be considered if it appears that the petitioner failed to apply for appellate relief or that the petitioner has previously been denied relief. 28 U.S.C. § 2255(e). However, this will be excused if a § 2255 motion is inadequate or ineffective to test the legality of the prisoner's detention. *Id.* This is referred to as the "escape hatch" of § 2255. *Harrison v. Ollison*, 519 F.3d 952, 956 (9th Cir. 2008). If a § 2255 motion is

**ORDER GRANTING MOTION TO VACATE CONVICTION \* 2**

inadequate or ineffective, then a prisoner may bring a claim under 28 U.S.C. § 2241.

In order to raise a cognizable claim under § 2241, the petitioner must make a claim of "actual innocence" and show that he has not had an "unobstructed procedural shot at presenting that claim." *Alaimalo v. United States*, 645 F.3d 1042, 1047 (9th Cir. 2011) (citing *Stephens v. Herrera*, 464 F.3d 895, 898 (9th Cir. 2006)). To establish actual innocence, the petitioner must show that—in light of all the evidence—it is more likely than not that no reasonable juror would have convicted him. *Id.* A petitioner is actually innocent if he was convicted for conduct that is not prohibited by law, including where an intervening legal change has held that the conduct at issue is not a crime. *Id.* To determine whether a petitioner has had a prior opportunity to raise their claim, the court should consider (1) whether the legal basis for the claim arose before or after the petitioner exhausted his direct appeals and first § 2255 motion and (2) whether the law changed in any way relevant to the petitioner's claim after the first § 2255 motion. *Id.* An intervening change in law can be evidence that a petitioner did not have a prior opportunity to raise his claim if the decision effected a material change in the applicable law. *Id.* at 1047-48. Thus, if a decision made a material change in the law, the legal basis of an actual innocence claim did not become available until that case was decided, and the petitioner could not have raised the claim earlier. *Id.* at 1048.

## Discussion

Defendant argues that his conviction for felon in possession of a firearm should be vacated on the basis of two recent Ninth Circuit cases that he argues change the definition of a "prohibited person" for purposes of 18 U.S.C. § 922(g). At the time Defendant was sentenced, the Ninth Circuit defined a prohibited person as someone whose prior convictions had statutory maximums of imprisonment terms in excess of one year. *United States v. Murillo*, 422 F.3d 1152 (9th Cir. 2005). This case has since been overruled. *United States v. Valencia-Mendoza*, 912

**ORDER GRANTING MOTION TO VACATE CONVICTION * 3**

F.3d 1215 (9th Cir. 2019). In *Valencia-Mendoza*, the Ninth Circuit held that a defendant who—under Washington's mandatory sentencing range—was exposed to only six months imprisonment as opposed to the statutory maximum of five years' imprisonment was not a "felon" for purposes of United States Sentencing Guideline § 2L1.2. There, the Ninth Circuit reversed *Murillo* and held that "when considering whether a crime is 'punishable' by more than one year, the court must examine both the elements and the sentencing factors that corresponds to the crime of conviction." *Id* at 1222. The Ninth Circuit has extended this reasoning to the specific context of § 922(g). *United States v. McAdory*, 935 F.3d 838, 843 (9th Cir. 2019). Thus, whether an offense is formally designated as a "misdemeanor" or a "felony" is not controlling; rather, the actual sentence the defendant faced is controlling for purposes of determining whether they have committed a felony. *See, e.g.*, *United States v. Masters*, No. CR-19-00752-001-TUC-JGZ (EJM), 2019 WL 4277151 at *2 (D. Ariz., September 10, 2019).

To determine whether the Court may vacate Defendant's conviction, the Court must first determine whether Defendant's motion was properly brought under §§ 2241 and 2255(e). A motion under § 2255 is ineffective or inadequate to secure the relief Defendant seeks for two reasons. First, per the terms of the plea agreement, Defendant is prohibited from bringing § 2255 motions except to raise claims of ineffective assistance of counsel. ECF No. 36 at 9-10. Second, under § 2255, motions must be filed within one year of conviction in order to be timely. Thus, Defendant could not secure the relief he seeks via a § 2255 motion and Defendant may take advantage of the § 2255(e) "escape hatch" and file a § 2241 motion.

Defendant has properly raised a claim under § 2241 because he is actually innocent of the crime charged and he has not had a prior unobstructed opportunity to raise this claim. First, Defendant is actually innocent of being a felon in possession of a firearm because—under the Ninth Circuit's rulings in *Valencia-*

**ORDER GRANTING MOTION TO VACATE CONVICTION * 4**

*Mendoza* and *McAdory*—he did not face a term of imprisonment in excess of one year for any of the prior offenses used as the basis of the instant charge. Therefore, these offenses are not predicate "felonies" for purposes of § 922(g) despite the fact that Washington State labeled the offenses as "felonies." As in *McAdory*, Defendant faced a maximum of six months imprisonment under Washington's mandatory sentencing guideline range. Thus, Defendant here is actually innocent of being a felon in possession of a firearm because an essential element of the crime—his status as a prohibited person under § 922(g)—is missing. Second, Defendant has not had a prior opportunity to raise this actual innocence claim. Because *Valencia-Mendoza* and *McAdory* effected an intervening change in the law between his conviction and this motion, Defendant could not have possibly raised the claim during an earlier stage of this case. Thus, Defendant successfully has raised a § 2241 claim and his Motion to Vacate Conviction is granted.

Accordingly, **IT IS HEREBY ORDERED:**

1. Defendant's Motion to Vacate Conviction, ECF No. 123, is **GRANTED**.

2. The Judgment and Sentence dated May 31, 2016, ECF No. 50, is **VACATED**.

3. The remainder of Defendant's term of supervised release is **TERMINATED**.

4. Any pending supervised release petitions are **DISMISSED**.

**IT IS SO ORDERED.** The District Court Executive is hereby directed to file this Order and provide copies to counsel.

**DATED** this 19th day of December 2019.



Stanley A. Bastian
United States District Judge

**ORDER GRANTING MOTION TO VACATE CONVICTION \* 5**